### William W. WINPISINGER et al., Plaintiffs,

### v.

### Jack WATSON et al., Defendants.

### Civ. A. No. 79–3471.

United States District Court, District of Columbia.

Feb. 7, 1980.

Supporters of presidential candidate brought action against seven cabinet officers and seven presidential assistants alleging misuse of federal funds and abuse of federal power which thereby diminished value of plaintiffs' efforts to promote their candidate. The District Court, June L. Green, J., held that plaintiffs lacked standing to sue in that they did not allege concrete and specific judicially cognizable injury nor a causal connection between defendants' conduct and plaintiffs' injury.

Joseph L. Rauh, Jr., William A. Dobrovir, Washington, D. C., for plaintiffs.

---

Paul Blankenstein, Dept. of Justice, Washington, D. C., for defendant.

Timothy Smith, Washington, D. C., for Carter-Mondale Presidential Comm.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiffs, seven voters and supporters of the Presidential campaign efforts of Senator Edward M. Kennedy, have filed this action alleging that defendants, seven Cabinet officers and seven Presidential assistants have misused federal funds and abused federal power and thereby diminished the value of their efforts to promote Senator Kennedy's candidacy. Although numerous instances of misconduct are recited, plaintiffs' complaint can be summarized as alleging that defendants have used federal funds for the campaign travel salaries of various administration officials; they have conditioned public employment of high level federal employees on their support for the President, and used federal grants and loans to states and municipalities to coerce political support.

Defendants have moved to dismiss this action on grounds of lack of standing. After careful consideration of defendants' motions, plaintiffs' opposition, defendants' replies, and the oral argument of counsel at the hearing in this matter, the Court for the reasons set forth below, concludes that defendants' motions must be granted and that this action must be dismissed.

*Discussion*

■ "[A] 'fundamental aspect of standing' is that it focuses primarily on the *party* seeking to get his complaint before the federal court rather than 'on the issues he wishes to have adjudicated'" . . . *United States v. Richardson*, 418 U.S. 166, 174, 94 S.Ct. 2940, 2945, 41 L.Ed.2d 678 (1974), *quoting from Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). A plaintiff, in order to invoke the authority of the federal court, must allege a "distinct and palpable injury to himself," *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975),

which must be direct and concrete, not abstract, remote or speculative. *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). In addition, plaintiffs must also establish injury "that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the Court," *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976); *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). According to the law of this Circuit, "[t]he determination [of] injury must necessarily proceed on an *ad hoc* scrutiny of the facts." *Harrington v. Bush*, 180 U.S.App.D.C. 45, 61, 553 F.2d 190, 206 (D.C. Cir. 1977).

Plaintiffs claim that defendants' improper activities have produced inequalities in the election process which have interfered with their equal right to election participation. These inequalities allegedly dilute or diminish the effectiveness of their support for Senator Kennedy. In arguing that they have standing to maintain this action, they rely on a line of cases beginning with *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), where standing is granted in cases where dilution of the effectiveness of the vote is alleged. *See also, Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

■ The Court, however, does not construe plaintiffs' allegations of injury as falling within this line of cases. In contrast to what plaintiffs complain of here, Baker and its progeny concentrate on the direct and concrete injury that occurs when election districts are malapportioned; that is, when districts with greatly varying populations elect the same number of representatives. It is plain that in those cases the vote of people in districts with larger populations is diminished considerably. *See Wesberry v. Sanders*, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964). Here, plaintiffs complain, in effect, that President Carter's misuse of the incumbency has rendered them unable to garner the support they had anticipated for

Senator Kennedy. Plaintiffs complain, in other words, of their inability to persuade people to vote for Senator Kennedy. How other people vote, in the Court's view, does not in any way relate to plaintiffs' own exercise of the franchise and further does not constitute concrete and specific judicially cognizable injury. The Court finds the admonition of the Court of Appeals in *Daughtrey v. Carter*, 190 U.S.App.D.C. 69, 584 F.2d 1050 (D.C.Cir. 1978) particularly instructive. In denying plaintiffs' standing where similarly vague and abstract claims of injury were made, the Court remarked, " . . . *Baker v. Carr* does not make every alleged dilution of voting rights a sufficient injury to confer standing." *Id.* 190 U.S.App.D.C. at 75, 584 F.2d at 1056. This language is equally applicable to this case.

Nor is the Court convinced that the Seventh Circuit's opinion in *Shakman v. Democratic Organization of Cook County*, 435 F.2d 267 (7th Cir. 1970) lends plaintiffs any assistance. In *Shakman*, the Court found in an exceedingly brief discussion of the issue, that plaintiffs who made similar claims to those made in this case had standing to bring the action. It is doubtful, however, whether this case is controlling authority in the Seventh Circuit in light of the Court's more recent analysis of standing set forth in *Mulqueeny v. National Commission on the Observance of International Women's Year*, 549 F.2d 1115 (7th Cir. 1977). There the Court held in accordance with later Supreme Court decisions on the law of standing[1] that plaintiffs' failure to establish both injury in fact and the causal connection between the injury and defendant's conduct deprived them of standing.

Equally fatal to plaintiffs' claim here is the lack of a clear causal connection between defendants' conduct and plaintiffs' injury, the second requirement of standing. This causal connection, as stated previously, must establish that the injury is traceable to the challenged action of the defendant and not to the independent action of some third party not before the Court. *Simon, supra*, 426 U.S. at 41–42, 96 S.Ct. at 1925–26.

Plaintiffs' inability to influence the elections process, or to induce support for Senator Kennedy may turn on a number of factors that are unrelated to defendants' alleged abuses. President Carter's recent rise in the polls, for example, may be attributable to the country's support of his efforts to negotiate a release of the hostages in Iran. Senator Kennedy's standing in the polls may reflect public perception of his campaign performance. Because of the variety of factors that operate on the electorate at any given time, it is only through "reliance upon the most speculative of inferences," *Mulqueeny, supra*, 549 F.2d at 1121, that a relationship between defendants' conduct and plaintiffs' injury may be established. This type of speculation is clearly prohibited.

The Court, having concluded that plaintiffs lacked standing in the constitutional sense to bring this action, it is not necessary to discuss whether prudential limitations would also bar plaintiffs' claims.

For the foregoing reasons, the Court concludes that these plaintiffs lack standing to bring this action and that plaintiffs' complaint must be dismissed. An appropriate order is entered herewith.

---

1. *See Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Simon v. Eastern Kentucky Welfare Rights Organization, supra*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *United States v. Richardson, supra*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974).