**Francis Edwin FROELICH, Anas A. Shallal, Mary T. Taylor, and Victoria Gray Adams, Plaintiffs,**

v.

**The FEDERAL ELECTION COMMISSION, Charles S. Robb, Oliver L. North, James C. Miller III, and Sylvia Clute, Jim Miller For U.S. Senate, Sylvia Clute For U.S. Senate, Oliver North For U.S. Senate, Committee, Inc., and Robb For Senate, Defendants.**

Civ. A. No. 93–1610–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 27, 1994.

Francis Edwin Froelich, pro se.

Anas A. Shallal, pro se,

Mary T. Taylor, pro se.

Victoria Gray Adams, pro se.

Stephen E. Hershkowitz, Federal Election Com'n, Washington, DC, for Federal Election Com'n.

Martin P. Willard, Perkins Coie, Washington, DC, for Charles S. Robb.

Frederick W. Chockley, III, Charles Stewart Verdery, Jr., Baker & Hostetler, Washington, DC, for Oliver L. North.

James B. Slaughter, Beveridge & Diamond, P.C., Washington, DC, for James C. Miller, III.

Sylvia Clute, pro se.

James B. Slaughter, Beveridge & Diamond, P.C., Washington, DC, for Jim Miller for U.S. Senate.

Frederick W. Chockley, III, Charles Stewart Verdery, Jr., Baker & Hostetler, Washington, DC, for Oliver North for U.S. Senate Committee Inc.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court upon defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiffs have also filed a Motion Seeking Certification of All Claims to the United States Court of Appeals for the Fourth Circuit pursuant to section 437h of the Federal Election Campaign Act ("FECA").

The plaintiffs, acting pro se, have brought this action alleging that their constitutional privileges, rights, and immunities under Article I, Article V, the Seventeenth Amendment, and the separation of powers doctrine of the Constitution are being violated because the candidate defendants for the Senate of the United States for the Commonwealth of Virginia have and are soliciting, accepting, and using contributions from individuals who are not residents of the Commonwealth and that such contributions have been authorized and regulated by FECA, 2 U.S.C. §§ 431 et seq., and the interpretations of FECA by the Federal Election Commission.

The plaintiffs have alleged that contributions from nonresidents: (1) debase the value of their participation in the process of electing a Senator to represent the Common-

wealth by allowing the non-resident contributors to directly participate in the process and dilute the value of the plaintiffs' participation; and (2) interfere with their representation after a Senator is elected to represent the Commonwealth by creating the appearance that the Senate is answerable to and accountable to the non-resident contributors.

Defendants have moved for dismissal on several grounds. First, they move for dismissal pursuant to Rule 12(b)(1) because they maintain that plaintiffs do not have standing to bring this action. Further, they allege that these allegations are not ripe for review. Defendants contend that whether interstate campaign contributions should be regulated differently than intrastate contributions is not a justiciable question. Second, defendants move for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Article III of the Constitution limits the adjudicative powers of federal courts to actual cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). The federal courts have always required that a litigant have standing to challenge the conduct raised in a lawsuit. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). Thus, the Supreme Court has held that to satisfy the requirements of Article III, a party must " 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant. *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979), and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.' *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976)." *Valley Forge*, 454 U.S. at 472, 102 S.Ct. at 758.

In addition to these constitutional requirements, federal courts have established prudential principles that affect standing.

*Id.* at 472, 102 S.Ct. at 758. Courts refuse to adjudicate "abstract questions of wide public significance" that amount to "generalized grievances" shared by many and which are more appropriate for resolution by Congress. *Warth v. Seldin,* 422 U.S. 490, 499–500, 95 S.Ct. 2197, 2205–06, 45 L.Ed.2d 343 (1975).

In this case, plaintiffs cannot satisfy either the requirements of Article III or the related prudential principles that the courts have established. Plaintiffs broadly allege that as a result of contributions to the defendant candidates by non-Virginians: (1) residents of Virginia "are denied a meaningful vote" for the office of Senator; (2) the candidates "are answerable to and accountable to the non-resident contributors" and, hence, Virginians do not have the "undivided loyalty" of their Senators and their "equal suffrage in the Senate [is] diluted"; and (3) the more populous, wealthier states have greater influence in the Senate than the less populous and less affluent states.

These allegations of injury are conspicuously devoid of any claim that plaintiffs themselves have or will suffer injury-in-fact as a result of political contributions from non-Virginians. Instead, plaintiffs generally allege that the citizens of Virginia may suffer from contributions of non-Virginians. Not only are these allegations hypothetical, they are also not linked in any particularized way to any of the plaintiffs. Beyond the general claims of abstract harm to Virginia residents in the Amended Complaint, there are no examples or allegations of particular harm to plaintiffs or to anyone else. Likewise, plaintiffs' other allegations of injury lack specificity.

Article III requires plaintiffs to show that they have personally suffered "distinct and palpable injury." *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206. Plaintiffs have failed to make that showing. At most, plaintiffs' Complaint raises interesting subjects for debate; it does not state a case or controversy that is capable of judicial resolution.

Even if plaintiffs had alleged injury sufficient to satisfy Article III, that would not end the inquiry into whether they have standing to bring this action. As noted above, in addition to the standing require-

ments mandated by Article III, the federal courts have created certain prudential requirements that plaintiffs must meet to establish standing. *Valley Forge,* 454 U.S. at 474–75, 102 S.Ct. at 759–60. Thus, the courts refrain from adjudicating cases involving "abstract questions of wide public significance" that amount to "generalized grievances" shared by many and that are more properly addressed by Congress. *Warth,* 422 U.S. at 499, 95 S.Ct. at 2205.

The forms of injury that plaintiffs assert—denial of a meaningful vote, compromised representation in the Senate, and the wielding of power in the Senate by states more affluent than Virginia—are both abstract and, according to the allegations, common to all Virginia voters. In other words, plaintiffs' allegations lack the factual specificity needed for a court to make a decision. In *Schlesinger v. Reservatists Committee to Stop the War,* the Supreme Court stated:

> [S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share. Concrete injury, whether actual or threatened, is that indispensable element of a dispute which serves in part to cast it in a form traditionally capable of judicial resolution.

418 U.S. 208, 220–21, 94 S.Ct. 2925, 2931–32, 41 L.Ed.2d 706 (1974).

Moreover, consideration of the general injury that plaintiffs allege is best left to Congress. The regulation of federal elections is committed to the legislature, not to the judiciary. If this Court were to grant the far-reaching relief plaintiffs seek, it would be making legislative policy and would be improperly interfering with a coordinate branch of government. *See Baker v. Carr,* 369 U.S. 186, 210, 82 S.Ct. 691, 706, 7 L.Ed.2d 663 (1962) (expressing concern that relationship between judiciary and coordinate branches of federal government underlies "political question" doctrine of justiciability).

The plaintiffs have filed a motion seeking immediate certification of their Complaint and the defendants' Motions to Dismiss to

the *en banc* United States Court of Appeals for the Fourth Circuit pursuant to section 437h of FECA. In *California Medical Ass'n v. FEC,* 453 U.S. 182, 194 n. 14, 101 S.Ct. 2712, 2721 n. 14, 69 L.Ed.2d 567 (1982), the Supreme Court instructed the district courts not to certify under section 437h cases with jurisdictional defects:

> The unusual procedures embodied in [section 437h] are, at the very least, circumscribed by the constitutional limitations on the jurisdiction of the federal courts.... A party seeking to invoke § 437h must have standing to raise the constitutional claim.

*Id.* Because the plaintiffs in this case lack standing, and because there is no case or controversy, plaintiffs' motion seeking certification pursuant to section 437h of FECA should be denied.

Defendants' Motion to Dismiss the Amended Complaint must be granted because the plaintiffs in this case lack standing. The Court's determination on the standing issue obviates the need to reach plaintiffs' other claims.

An appropriate Order shall issue.

### ORDER

This matter came before the Court upon defendants' Motion to Dismiss and plaintiffs' Motion Seeking Certification of this case to the *en banc* United States Court of Appeals for the Fourth Circuit. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiffs' Motion for Certification is DENIED, that defendants' Motion to Dismiss is GRANTED, and that this case is DISMISSED.