**Byron A. LOOPER**

v.

**Nancy BOMAN, et al.**

No. 2:96–0089.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 28, 1997.

Chantal Eldridge, Cookeville, TN, for Plaintiff.

Daniel Hurley Rader, III, Cookeville, TN, for Defendants.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendant's Motion to Dismiss (Docket No. 28), which, because it is supported by Affidavits, shall be treated as a Motion for Summary Judgment, and Plaintiff's Cross Motion for Summary Judgment (Docket No. 38). The Court heard oral argument on both motions on Friday, February 28, 1997.

For the reasons stated herein, Defendant's Motion to Dismiss (Docket No. 28) is GRANTED, and this action is DISMISSED with prejudice. Plaintiff's Cross Motion for Summary Judgment (Docket No. 38) is DENIED.

## FACTS

Plaintiff was the successful candidate for Assessor of Property in Putnam County, Tennessee, in the August 1, 1996 election and currently serves Putnam County in that capacity. Although he won that contested election by a large margin, Plaintiff seeks declaratory and injunctive relief from this Court[1] for alleged election irregularities which he claims resulted in the disenfranchise of numerous voters of their right to vote for him as Assessor of Property. Amended Complaint at p. 4. Plaintiff seeks injunctive relief with regard to future elections in Putnam County, plus compensatory and punitive damages. *Id.* at pp. 9–10.

Defendants argue that Plaintiff has no standing to bring this action, that Plaintiff's allegations are now moot, that Plaintiff has failed to plead a cognizable constitutional violation, that Plaintiff has failed to exhaust administrative remedies, and that Plaintiff's claims are barred by the abstention doctrine.

## MOTIONS FOR SUMMARY JUDGMENT

As provided in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.*

---

1. This Court denied Plaintiff's pre-election request for a temporary restraining order permitting him to inspect the lever voting machines in Putnam County to ensure their integrity during the August 1, 1996 election. *See* Order dated July 29, 1996 (Docket No. 12).

at 255, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.,* 921 F.2d 1343, 1349 (6th Cir.1991).

## STANDING

■ Defendants' first contention is that Plaintiff has no standing to bring this action. Defendants rely initially upon Article III of the U.S. Constitution, which provides that parties attempting to invoke federal jurisdiction must allege an actual case or controversy. *See Miyazawa v. City of Cincinnati,* 45 F.3d 126, 127 (6th Cir.1995). "The federal courts have always required that a litigant have standing[2] to challenge the conduct raised in a lawsuit." *Froelich v. Federal Election Comm'n,* 855 F.Supp. 868, 869 (E.D.Va.1994). "The party seeking to invoke the Court's jurisdiction must establish the necessary standing to sue before the Court may consider the merits of that party's cause of action." *Hooker v. Sasser,* 893 F.Supp. 764, 766 (M.D.Tenn.1995).

It is well settled that "the irreducible constitutional minimum of standing contains three elements." *United States v. Hays,* —— U.S. ——, ——, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635 (1995). "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* "Second, there must be a causal connection between the injury and the conduct complained of." *Id.* "Third, it must be likely, as opposed to merely speculative,

that the injury will be redressed by a favorable decision." *Id.*

■ In addition to these constitutional requirements, federal courts have established prudential principles that affect standing. *Froelich,* 855 F.Supp. at 869. Courts refuse to adjudicate "abstract questions of wide public significance" that amount to generalized grievances shared by many and which are more appropriate for resolution by a legislative body. *Id.* at 870.

The Supreme Court, accordingly, has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power." *Hays,* —— U.S. at ——, 115 S.Ct. at 2435. The Supreme Court has also made clear that it is the burden of the party who seeks the exercise of jurisdiction in his favor, "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Id.*

■ Plaintiff asserts that the injury in fact which he has suffered is a violation of "his protected right as a candidate in the Federal and local August 1, 1996 election to associate with like minded voters and participate in a democratic election." Plaintiff's Opposition to Defendants' Motion to Dismiss and/or for Summary Judgment (Docket No. 38), p. 7. Plaintiff not only seeks compensation for alleged past injury—violation of his right of association—but also seeks injunctive relief with regard to future elections in Putnam County.

The Court finds that Plaintiff has failed to articulate an injury sufficient for standing in federal court under these circumstances.

■ "Injury in fact" is the first and foremost element of standing in federal court. *Daughtrey v. Carter,* 584 F.2d 1050, 1056 (D.C.Cir.1978). In other words, in order to invoke the authority of the federal court, a plaintiff must allege a "distinct and palpable injury to himself, which must be direct and concrete, not abstract, remote or speculative." *Winpisinger,* 86 F.R.D. at 78 (citing

---

**2.** A fundamental aspect of standing is that it focuses primarily on the party seeking to get his complaint before the federal court rather than on the issues he wishes to have adjudicated. *Winpisinger v. Watson,* 86 F.R.D. 77, 78 (D.D.C.), *aff'd,* 628 F.2d 133 (D.C.Cir.1980).

*Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975) and *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).

Here, Plaintiff won the election at issue. He cannot claim harm or injury related to the result of the election. Plaintiff, however, frames his allegedly protected right in terms of the First and Fourteenth Amendment rights to association.[3]

The authority Plaintiff cites for this alleged constitutionally protected right is *Patriot Party v. Allegheny County Dept. of Elections,* 95 F.3d 253 (3d Cir.1996). That case, however, involved alleged infringement upon a political party's right to nominate its own candidate for office. The court never addressed the issue of standing. It focused initially, instead, upon the justiciability of the controversy, since the election had already been held. In other words, the issue in *Patriot Party* was whether the action had become moot, not whether the political party had standing. *Id.* at 257.[4]

The Court finds that Plaintiff's allegations of denial of the right to associate with like minded voters and participate in a democratic election do not identify any "concrete and particularized" injury which he has suffered or will suffer because of the Defendants' conduct. *See Hooker,* 893 F.Supp. at 767. "Such generalized and conjectural allegations fall far short of the 'distinct and palpable injury.'" *Id.*

Voters' rights under the First and Fourteenth Amendments were defined in *Anderson v. Celebrezze,* 460 U.S. 780, 787, 103 S.Ct. 1564, 1569, 75 L.Ed.2d 547 (1983), as "the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters ... to cast their votes effectively." *Miyazawa,* 45 F.3d at

127. Although Plaintiff, as in *Miyazawa,* is entitled to these rights, he lacks standing because no actual harm or injury to the Plaintiff can be found, and the threat of future injury is neither real nor immediate, but is hypothetical. *Id.* at 127–28.

■ Plaintiff alleges violations by Defendants of certain state election laws, which violations allegedly disenfranchised certain voters, not Plaintiff, of their right to vote for Plaintiff. Yet, as the court in *Winpisinger* stated: "How other people vote, in the Court's view, does not in any way relate to plaintiffs' own exercise of the franchise and further does not constitute concrete and specific judicially cognizable injury." 86 F.R.D. at 79. As the D.C. Circuit Court of Appeals has stated, "*Baker v. Carr* [369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)] does not make every alleged dilution of voting rights a sufficient injury to confer standing." *Daughtrey,* 584 F.2d at 1056.

■ Even if Plaintiff had alleged injury sufficient to satisfy Article III, that would not end the inquiry about standing. As noted above, in addition to the standing requirements mandated by Article III, the federal courts have created certain prudential requirements that plaintiffs must meet to establish standing. *Froelich,* 855 F.Supp. at 870.

The Supreme Court has held that an alleged harm which is a generalized grievance shared in substantially equal measure by all or a large class of citizens does not warrant the exercise of the court's jurisdiction. *Hooker,* 893 F.Supp. at 767 (citing *Warth,* 422 U.S. at 499, 95 S.Ct. at 2205, 45 L.Ed.2d at 355).

[S]tanding to sue may not be predicated upon an interest of the kind alleged here

---

**3.** The Supreme Court has recognized two types of freedom of association protected by the U.S. Constitution. *See Roberts v. United States Jaycees,* 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). The type of freedom at issue here is called the "means-to-an-end" form of freedom of association: "a means to another more basic end such as free speech in the political marketplace, the right of voters to cast an informed vote or to form coalitions with other voters." *Corrigan v. City of Newaygo,* 55 F.3d 1211, 1215 (6th Cir.),

*cert. denied,* —— U.S. ——, 116 S.Ct. 379, 133 L.Ed.2d 303 (1995).

**4.** The court in *Patriot Party* found that because cross-nominations by minor political parties were still prohibited by the state election laws, the case was "capable of repetition, yet evading review." 95 F.3d at 257. "There is every reason to expect the same parties to generate a similar, future controversy subject to identical time constraints." *Id.*

which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share. Concrete injury, whether actual or threatened is that indispensable element of a dispute which serves in part to cast it in a form traditionally capable of judicial resolution.

*Froelich,* 855 F.Supp. at 870 (quoting *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 220–21, 94 S.Ct. 2925, 2931–32, 41 L.Ed.2d 706 (1974)).

The alleged injuries identified by Plaintiff's Amended Complaint are abstract and common to all voters or candidates in Putnam County and, therefore, as in *Hooker,* "lack the factual specificity needed for a court to make a decision." *Id.* at 768.

For these reasons, the Court finds that Plaintiff lacks standing to bring this action. Therefore, the Court need not reach Defendant's other arguments.

## CONCLUSION

Because Plaintiff lacks standing to bring this action, Defendants' Motion to Dismiss/for Summary Judgment (Docket No. 28) is GRANTED, and Plaintiff's claims are DISMISSED. Plaintiff's Cross–Motion for Summary Judgment (Docket No. 38) is DENIED.

It is so ORDERED.